## Cisco v. City of Ashland.

(Decided February 1, 1927.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations—Ordinance Allowing Fee to Attorney, Not Passed Twice Before Being Sent to Mayor, Held Invalid, Though Passed Over Veto (Ky. Stats., Section 3059).—Ordinance or resolution allowing fee to attorney for representing city, which

was not passed twice before being sent to mayor, who vetoed it, was invalid, though passed over such veto, in view of Ky. Stats., section 3059.

2. Municipal Corporations—Suit Cannot be Maintained on Ordinance Illegally Passed.—Suit based on ordinance cannot be maintained, unless such ordinance is legally passed.

3. Mandamus—Proper Remedy for Collecting Sum Allowed by City Ordinance is Mandamus to Compel City Treasurer to Pay.— Proper remedy for attorney attempting to collect sums allowed him as fee by city ordinance is mandamus to compel city treasurer to pay such sum, rather than action against city, since city did all it could to settle claim when it adopted ordinance.

WAUGH & HOWERTON for appellant.

JOHN T. DIEDERICH for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant, Allen N. Cisco, was employed by individual members of the city council of the city of Ashland to represent the city touching charges against the mayor of the city. There was considerable litigation in regard thereto, and it appears that appellant was one of the attorneys representing the general council of the city of Ashland throughout this litigation. It is not contended that the city council had the authority to employ appellants except when acting in its official capacity. The right of the general council to ratify the employment, although illegal in the beginning, is not disputed.

The city attorney in his brief starts his argument with this statement:

"To get at the meat of this controversy we concede first, that the general council as a duly organized legislative body had the power to employ counsel, by adopting the proper ordinance in accordance with section 3059, Kentucky Statutes; second, that the general council had the right to ratify the employment of counsel by adopting the proper ordinance in accordance with section 3059, Kentucky Statutes."

The question in this case seems to be whether the general council has ratified the employment of appellant and has made an appropriation to pay his fee. The records of the general council in so far as they relate to this matter are filed as exhibits with the petition. Suit was brought by appellant against the city to recover $1,000.00, which he alleged was the reasonable value of

his services, but thereafter he amended his petition and set out the fact that the general council had allowed him $500.00 for his services and he was willing to accept that sum and prayed for a judgment in his favor for $500.00 instead of $1,000.00. A demurrer was filed to his petition as amended and the lower court sustained the demurrer on the ground that the board of aldermen did not twice pass a resolution or ordinance allowing appellant's claim, and that the mayor therefore vetoed the ordinance or resolution prematurely, and the passage of the resolution or ordinance over the mayor's veto did not cure the defect caused by the failure to pass the resolution twice before it was vetoed. The lower court further held that if the ordinance or resolution had been legally passed then the remedy was by mandamus to compel the treasurer to pay the allowance and not a suit against the city. The appellant refused to plead further and his petition was dismissed. As we read the brief for appellant it is admitted that the ordinance was passed by the board of aldermen only once before it was vetoed by the mayor, and the contention is made that its passage over the veto of the mayor is sufficient to render it valid.

Section 3059, Ky. Stats., provides that no ordinance and no resolution shall be passed until the majority of the members in each board shall vote therefor on a *viva voce* vote, which shall be entered on the two journals of the board, and until it shall have been read to the two boards in two several meetings and free discussion allowed thereon. It is further provided that so much of this section as requires a reading in two several meetings may be suspended by a vote of two-thirds of all the members of the board in which the proposed ordinance or resolution is pending. It appears that this resolution was not passed twice by the board of aldermen before it was sent to the mayor, and that being true the lower court was correct in sustaining a demurrer to the petition. It is not necessary, as we understand the law, for the board of councilmen or the board of aldermen to pass the ordinance or the resolution twice over the mayor's veto, but it is necessary that it be passed twice before it is sent to the mayor.

This suit is based on the ordinance or resolution allowing the fee, and the ordinance or resolution must have been legally passed before the suit can be maintained.

We are inclined to the opinion that the court was also right in holding that, if the ordinance or resolution should be legally passed, that the proper proceedings would be by mandamus to compel the issual or payment of the warrant, as the city acting through its legislative department will have done all it can to settle the claim when it has adopted an ordinance or resolution providing for its payment.

The judgment is affirmed.